O’CONNELL, Justice.
The claimant, Andrew Lee, suffered severe injuries to his left leg in a compen-sable accident. Temporary total disability was paid from the date of the accident, August IS, 1958, through February 9, 1962. Thereafter, based upon the findings of one of the employer’s examining orthopedic physicians, claimant was paid permanent partial disability for 30 weeks based upon .a rated 15% disability of the leg.
In February 1963 claimant filed for additional benefits. In the order adjudicating this claim the deputy found that the claimant had not reached maximum medical improvement and was still temporarily totally disabled (due to a displaced or torn semi-lunar cartilage in the left knee which the deputy found could not be surgically repaired because of a stasis dermatitis condition on the same leg). He ordered the employer to pay temporary total benefits from the date of the accident (credit being allowed for all temporary and permanent benefits already paid) until the claimant reaches maximum medical improvement, to furnish medical benefits as required and to reimburse the claimant for transportation expense.
On review, sought by the employer, the Full Commission reversed the deputy and dismissed the claim. In so doing the Full Commission held that the deputy’s order was not supported by competent substantial evidence; that the evidence showed that there was no “causal connection whatsoever” between the 1958 accident and claimant’s affliction with dermatitis and plantar warts; and that claimant had been fully compensated for any injuries related to the 1958 accident.
The Full Commission committed error in dismissing the claim. While the deputy’s order is deficient to the point that it ought to be remanded for further findings, it cannot be said that the evidence shows that there was no causal connection between the accident and the dermatitis. Nor is it accurate to say that there is no competent substantial evidence to support the deputy’s order or that the evidence shows that the claimant has been fully compensated for all disability flowing from the accident.
The employer apparently is not unaware of the commission’s error for it urges in the alternative that either the petition for certi-orari be denied or the cause be remanded to the deputy with instructions to make more adequate findings of fact and determine the degree of claimant’s permanent disability.
We have carefully reviewed the record. It is unnecessary to detail its contents here. Suffice it to say that there is competent substantial evidence showing a causal connection between the stasis dermatitis on claimant’s injured leg and the com-pensable injury and to show that claimant does suffer from a torn semi-lunar cartilage in his left knee. While there is conflict as to the existence of a torn cartilage in the claimant’s knee, there is adequate evidence to support such a finding. The evidence also shows that surgical repair of the knee can be reasonably expected to greatly improve the use of the leg, and accordingly lessen claimant’s disability. Claimant testified that he is willing to have such an opera *735 tion, but none has been offered. The medical evidence indicates that the dermatitis may on occasion have been in remission so as to permit such an operation. Further there is variance in the medical testimony on the question of whether the stasis dermatitis would make an operation on the knee unsafe.
Two physicians treated claimant and three others examined him for the employer. Three of these doctors testified at the hearings and the reports of the others were admitted in evidence. It is true, as contended by respondent, that the deputy accepted the views of some of these physicians and rejected that of others without giving his reasons for doing so and without resolving the conflicts in the medical evidence as required by our decision in Andrews v. C. B. S. Division, Maule Industries, Fla.1960, 118 So.2d 206. On remand the deputy must do so.
Further, in his order the deputy appears to have found, either that the claimant did not have plantar warts on his left foot, or that the warts did not contribute to or cause any disability in claimant’s left leg. The claimant testified that he had warts on the sole of his left foot for about four years prior to the hearings in early 1963 and that they did affect the use of his left leg. On remand the deputy must clarify his finding concerning the existence and effect of these warts on claimant’s use of his leg and the causal relationship, if any, between the accident and the warts.
As above noted, the deputy found that the claimant was temporarily totally disabled at the time of the hearing and had not reached maximum medical improvement. The Full Commission reached a contrary conclusion. The claimant contends here that he was temporarily totally disabled at the time of the hearings, that he had been so disabled at all times since the injury, and that he has not reached maximum medical improvement because of a needed operation to repair the torn knee cartilage. The respondents’ employer and carrier urge in the alternative that either this petition be denied or that the cause be remanded to the deputy with specific instructions to find the degree of permanent disability.
The evidence is in conflict on the questions of: (1) whether claimant was temporarily totally disabled at the time of the hearings; (2) the cause of claimant’s then disability; and (3) whether he had reached maximum medical improvement. As noted above, the deputy failed to reconcile these conflicts in the medical evidence and he must do so on remand. In the process of doing this the deputy will necessarily have to determine whether continuation of a temporary disability rating, either total or partial, is justified, or whether the time is ripe to adjudicate claimant’s permanent disability.
If in reconciling the conflicting evidence the deputy elects to believe the testimony of the medical witnesses who testified that claimant is not suffering from a torn knee cartilage (but only from plantar warts, lack of use of the leg, and stasis dermatitis), it would appear that the assessment of permanent disability should be made now and the date the disability became permanent fixed. However, if the deputy adheres to his finding that the claimant has a torn cartilage which requires surgical repair in order to alleviate the resulting disability he must then determine whether the dermatitis prevents the surgery being performed, and if it does not, he should order the operation after which he will be required to adjudicate claimant’s permanent disability, if any.
If the deputy determines, on the evidence already received, or on additional, more recent evidence, that the knee operation cannot be performed because of the danger of infection from or exacerbation of the dermatitis a more difficult problem is presented. Under such a factual situation the deputy must also determine whether there is a present indication that the dermatitis can be controlled and the operation performed within a reasonable period of time, or that there is no such present indication. The latter finding would seem to obviate *736 the reasonable probability or expectation of improvement necessary to a finding of temporary disability and require a finding of permanent disability based on claimant’s condition without surgical repair of the knee. If at a later date the operation becomes feasible it could be had at that time.
For the foregoing reasons the petition is granted, the writ is issued, and the order of the Full Commission is quashed, with directions that the order of the deputy be vacated, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
DREW, C. J., THORNAL and ERVIN, JJ., and WIGGINTON, District Judge, concur.